IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC<br>17 E. MAIN STREET, SUITE 200<br>PENSACOLA, FL 32502<br>    *Plaintiffs*,<br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 INDEPENDENCE AVE., SW<br>WASHINGTON, DC 20201<br><br>AND<br><br>NATIONAL INSTITUTE OF HEALTH<br>9000 ROCKVILLE PIKE<br>BETHESDA, MARYLAND 20892<br><br>    *Defendants*. | Cause No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Aylstock, Witkin, Kreis, & Overholtz ("AWKO"), by and through its undersigned counsel, brings this action against Defendants U.S. Department of Health & Human Services ("HHS") and National Institute of Health ("NIH," together with HHS, "Defendants") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.  This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue in this district is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

3.      Because Defendants have failed to comply with the applicable statutory time-limit for responding to a request under the FOIA, Plaintiff is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

4.      Plaintiff, AWKO, is a law firm that maintains a principal place of business in Pensacola, Florida, with a full residence address of 17 E. Main Street, Suite 200, Pensacola, FL 32502.

5.      Defendant, U.S. Department of Health and Human Services, is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). HHS is headquartered at 200 Independence Ave., SE, Washington, DC 20201. HHS has possession, custody, and control of records that Plaintiff seeks through its FOIA requests.

6.      Defendant, National Institute of Health, is an operating division within the Office of the Secretary of HHS and is an agency of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1). NIH is headquartered at 9000 Rockville Pike, Bethesda, Maryland 20892. NIH has possession, custody, and control of records that Plaintiff seeks through its FOIA request.

## STATEMENT OF FACTS

7.      On November 13, 2024, Plaintiff sent a single, narrowly tailored FOIA request to Defendant ("Request I"), seeking:

> All notes, meeting minutes and email communications related to or concerning the national Advisory Child Health and Human Development (NACHHD) Council's Necrotizing Enterocolitis (NEC) Working Group Council Meeting 1 held August 15, 2024, Meeting 2 held August 22, 2024, and Meeting 3 held

August 28, 2024, from July 1, 2024, through August 31, 2024. (Date Range for Record Search: From 7/1/2024 to 8/31/2024)

A true and correct copy showing receipt of Request I is annexed as **Exhibit A.**

8.  During communication ("Amendment I") with the NIH FOIA Office, Plaintiff was asked to narrow the above request to include the names of certain individual employees. Plaintiff provided the following names:

- Jack Moye, Jr. (Senior medical officer in the Maternal and Pediatric Infectious Disease Branch at NICHD,
- Stephanie Wilson Archer (Program Analyst at NICHD),
- Elizabeth Baden (Political Analyst at NICHD),
- Laura Berkson (Director of the NICHD's Office of Legislation),
- Diana W. Bianchi (NICHD Director),
- Andrew Bremer (Director of NIH Office of Nutrition Research),
- Nahida Chakhtoura (Chief of the Pregnancy and Perinatology Branch at the NICHD),
- Alison Cernich (Deputy Director of NICHD),
- Sarah Glavin (Deputy Director of Science Policy Analysis and Communication at NICHD),
- Rohan Hazra (Executive Title Director, Division of Extramural Research at NICHD),
- Ryan Ranallo (NIH Program Officer),
- Rebekah Rasooly (Director, Division of Extramural Activities, NICHD),
- Caroline Signore (Deputy Director, Division of Extramural Activities, NICHD),
- Elizabeth Walsh (Associate Director of Strategy and Operations, NICHD),
- Paul Williams (Director, Office of Communications, NICHD),
- Zahra Younoszai (Health Specialist, NICHD),
- G. Stephanie Philogene (Director, Office of Behavioral and Social Sciences Research, NIH),
- Natasha Williams (Chief of the Legislation and Public Policy Branch, within the Office of Legislation, Public Policy, and Ethics, NICHD, and
- Emily Cassio (Health Specialist, Presidential Management Fellow, NICHD

A true and correct copy of Amendment I is annexed as **Exhibit B.**

9.  Similarly, on January 29, 2025, Plaintiff sent a single, narrowly tailored FOIA request to Defendant ("Request II"), seeking:

> All notes, meeting minutes and email communications related to or concerning the National Advisory Child Health and Human Development (NACHHD) Council's Necrotizing Enterocolitis (NEC) Working Group Council Meeting 1 held August 15, 2024, Meeting 2 held August 22, 2024, and Meeting 3 held August 28, 2024, and the FDA/NIH/CDC consensus statement from June

1, 2024 until present from the following employees: Steve Cha, regarding Enfamil and Similar mass tort litigation against Mead Johnson Company, Mead Johnson Nutrition Company, Abbott Laboratories.

A true and correct copy of Request II is annexed as **Exhibit C**.

10. On December 17, 2024, Defendant NIH sent Plaintiff a letter asserting that it was entitled to extend its time limit for responding to Plaintiff's FOIA Request. In that letter, Defendant NIH stated, "We reasonably anticipate that you should receive a final response by February 3, 2025." To date, Plaintiff has not received any documents referenced in this correspondence.

11. On February 5, 2025, Defendant NIH sent Plaintiff a letter notifying them that the agency was extending their time period for responding to Plaintiff's FOIA Request due to an existing backlog of "approximately 3000 Cases."

12. On February 18, 2025, and again on March 27, 2025, Plaintiff contacted the NIH and spoke with Ms. Shevon Johnson, FOIA Coordinator for the National Institute of Child Health and Human Development. During these conversations, Ms. Johnson informed Plaintiff they should expect to receive nine (9) pages of responsive documents pertaining to FOIA Requests that were referred to her office from the CDC (a true and correct copy of this email is annexed as Exhibit **D**). However, Plaintiff never received those records. Ms. Johnson further represented that there were several hundred additional pages of documents responsive to Plaintiff's Requests and that Defendant NIH intended to produce them on a rolling disclosure on a weekly or biweekly basis. To date, Plaintiff has not received any of the documents referenced by Ms. Johnson.

13. On February 21, 2025, Defendant NIH contacted Plaintiff regarding Request II informing Plaintiff that there were documents available "within our purview" (a true and correct copy of this email is annexed as **Exhibit E**). To date, Plaintiff has not received any documents

that were alleged to be available in this correspondence. On February 21, 2025, Defendant NIH informed Plaintiff that it received documents responsive to Plaintiff's FOIA Requests and was in the process of conducting a "request for search." Despite this communication, Defendant NIH has failed to produce any of the referenced documents to Plaintiff.

14. Plaintiff has made multiple attempts to contact Defendants regarding their FOIA Request I, II, and III but has received no response. Plaintiffs made attempts to contact the NIH via phone or email on the following dates: March 27, 2025, March 28, 2025, April 3, 2025, April 16, 2025, April 22, 2025, and May 14, 2025. Most recently, on May 21, 2025, Plaintiff attempted again to communicate with Defendant concerning the Request (a true and correct copy of this email is annexed as **Exhibit F**). To date, Defendants have failed to respond to any of Plaintiff's inquiries.

15. On May 8, 2025, Plaintiff submitted appeal (a true and correct copy of Appeal I is annexed as **Exhibit G**) challenging the failure of the NIH to respond to all of Plaintiff's original requests. Plaintiff exhausted all administrative remedies to obtain documents requested in Request I.

16. Defendants have failed to respond to Plaintiff's Appeal I within the time period required by 5 U.S.C. § 552(a)(6)(C)(i). Despite Plaintiff's repeated attempts to communicate, Defendants continued inaction constitutes a constructive denial of the appeal and a violation of FOIA's statutory obligation.

17. On May 8, 2025, Plaintiff submitted appeal a true and correct copy of Appeal II is annexed as **Exhibit H**) challenging the failure of the NIH to respond to all of Plaintiff's original requests. Plaintiff exhausted all administrative remedies to obtain documents requested in Request II.

18. Defendants have failed to respond to Plaintiff's Appeal II within the time period required by 5 U.S.C. § 552(a)(6)(C)(i). Despite Plaintiff's repeated attempts to communicate, Defendants continued inaction constitutes a constructive denial of the appeal and a violation of FOIA's statutory obligation.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

19. Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

20. Defendants HHS and NIH are agencies subject to FOIA and must therefore release in response to the FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any material as to which it is claiming an exemption under FOIA.

21. Plaintiff, through Request I and Request II, properly requested records within Defendants' control.

22. Plaintiff has exhausted all administrative remedies under the FOIA as to Request I and Request II. To trigger FOIA's administrative exhaustion requirement, Defendants were required to make a final determination on Request I no later than February 3, 2025, and a final determination on Request II no later than March 31, 2025. Because Defendants failed to make a final determination on Request I and II within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

23. Defendants' failure to timely provide a determination on Request I and II violates the FOIA, 5 U.S.C. § 522(a)(6)(A).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Request I and II;

(2) Order Defendants to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to Request I and II and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Request I and II;

(4) Award Plaintiff's attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 511(a)(4)(E); and

(5) Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff(s) hereby demand(s) a jury trial for all claims triable.

Dated: September 12, 2025

Respectfully submitted,

Aylstock, Witkin, Kreis & Overholtz, PLLC

/s/ Caitlyn P. Miller
Caitlyn P. Miller, Bar No.: 1708258
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second floor
Pensacola, Florida 32502
Office: (850) 202-1010
Email Service: cmiller@awkolaw.com
*Attorneys for Plaintiffs*